IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT A. HILL,                     Case No. 1:18 CV 2753

            Plaintiff,           MEMORANDUM OF OPINION
        -vs-                     AND ORDER

WADE PARK VA                JUDGE PATRICIA A. GAUGHAN
MEDICAL CENTER, et al.,

            Defendants.

*Pro se* Plaintiff Robert Hill filed this civil action against Wade Park VA Medical Center; Cynthia Hernandez, deputy chief counsel; and Susan Fuehrer, healthcare system director of the VA Northeast Ohio Healthcare System. (Doc. 1.) Plaintiff moves to proceed *in forma pauperis* (Doc. 2); that motion is granted.

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Plaintiff's complaint must be dismissed as it asserts no plausible claim for relief. Plaintiff's only allegation is: "Due to Malpractice And Negligence by Wade Park VA and Director Susan Fuehrer… Plaintiff is Medical[ly] Disable[d] and loss of property and no longer able to work…" (Doc. 1 at 4.) He requests $2 million in damages. (*Id*. at 5.) This fails to meet basic pleading standards; it provides no factual basis for the claim, including how each Defendant was involved in the alleged misconduct. *See Lillard v. Shelby Cty. Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am.,* 92 Fed. Appx. 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded pro se pleadings).

Accordingly, Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

February 5, 2019

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge